# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CYNTHIA MILTON,**

        **Plaintiff,**

**-vs-**           **Case No. 6:06-cv-603-Orl-31DAB**

**ORLANDO POLICE DEPARTMENT, TIM ALLEN, CAMPBELL BROWNIE, LAKE VIEW APARTMENTS, ORANGE CENTER VILLAGE APARTMENTS, HIBISCUS APARTMENTS & SILVER HILLS APARTMENTS, DAVIS BROWNIE CAMPBELL, JUDGE WALTER, LAKESIDE WILLOW BEND,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **AMENDED APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 8)**
>
> **FILED:**     **May 22, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

In order to proceed *in forma pauperis*, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. The Court has already ordered Plaintiff to amend her original complaint because it was unclear and ambiguous as to who the Defendants were, what

relief was sought, and what the legal basis was for seeking relief. Plaintiff's Amended Complaint (Doc. No. 7) is still unclear and ambiguous as to what relief is sought and what the legal basis is for seeking relief. Plaintiff has sued the Orlando Police Department, two individuals, and four apartment complexes apparently over "the fact put in jail after limitations was [sic] over and right civil and privacy rights been violated. When there were [sic] discovery among this case in 1986, my life or what happen to Cynthia Milton is not an event either. Now today Cynthia Milton is filing for you to Produce all true facts in the file of CF03-7734 Documentation." Doc. No. 7 at 2. Plaintiff also vaguely alleges false imprisonment in 2001, which would be barred by the statute of limitations, "plus one in 2004." Doc. No. 7 at 2. There are two brief references to "discovery in a murder case" from 1986. Doc. No. 7 at 3, 4. It is not clear what connection such a claim could possibly have to the individuals or apartment complexes involved, much less – with no supporting facts – the Orlando Police Department.

Plaintiff has already had two opportunities to properly allege sufficient allegations. In Case No. 6:05cv1307-Orl-28JGG, Plaintiff alleged vague claims against the Orlando Police Department and the same four apartment complexes for "violations of her civil rights" related to being put in jail. Plaintiff's claims were dismissed for failure to prosecute on March 7, 2006. She filed this case on May 4, 2006.

It is recommended that Plaintiff's application be denied and that the action be dismissed if Plaintiff fails to pay the required filing fee within 11 days from the date of any Order adopting or affirming this Report and Recommendation. A second dismissal will operate as a dismissal with prejudice. *See* Fed. R. Civ. P. 41(a).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 24, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy